UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------x
STEPHEN GRAY, individually and on          :
behalf of all others similarly situated,   :
                                           :
              Plaintiff,                   :        Civil Action No: 07 Civ. 9790 (SHS)
       v.                                  :
                                           :
CITIGROUP INC., CHARLES PRINCE,            :
THE PLANS ADMINISTRATIVE                   :
COMMITTEE OF CITIGROUP INC.,               :
THE 401(k) INVESTMENT                      :
COMMITTEE, and JOHN DOES 1 - 20,           :
                                           :
              Defendants.                  :
------------------------------------------------------x
SHAUN ROSE, Individually and On            :
Behalf of All Others Similarly Situated,   :
                                           :
              Plaintiff,                   :        Civil Action No: 07 Civ. 10294
       v.                                  :
                                           :
CITIGROUP INC., CHARLES PRINCE,            :
THE PLANS ADMINISTRATIVE                   :
COMMITTEE OF CITIGROUP INC.,               :
THE 401(k) INVESTMENT                      :
COMMITTEE, and JOHN DOES 1 - 10,           :
                                           :
              Defendants.                  :
------------------------------------------------------x
MEREDITH TRANBERG, individually           :
and on behalf of all others similarly situated :
                                           :
              Plaintiff,                   :        Civil Action No: 07 Civ. 10341
       v.                                  :
                                           :
CITIGROUP INC., CHARLES PRINCE,            :
THE PLANS ADMINISTRATIVE                   :
COMMITTEE OF CITIGROUP INC.,               :
THE 401(k) INVESTMENT                      :
COMMITTEE, and JOHN DOES 1 - 20,           :
                                           :
              Defendants.                  :
------------------------------------------------------x
```

991539.1

```
-------------------------------------------------x
ANTON RAPPOLD, individually and on      :
behalf of all others similarly situated,       :
                                                :
            Plaintiff,                          :    Civil Action No: 07 Civ. 10396
                                                :
v.                                              :
                                                :
CITIGROUP INC., CITIBANK, N.A.,                 :
CHARLES PRINCE, THE PLANS                       :
ADMINISTRATIVE COMMITTEE OF                     :
CITIGROUP INC., THE 401(k)                      :
INVESTMENT COMMITTEE, and JOHN                  :
and JANE DOES 1 - 10,                           :
                                                :
            Defendants.                         :
-------------------------------------------------x
SAMIER TADROS, on Behalf of All                 :
Others Similarly Situated,                      :
                                                :
            Plaintiff,                          :    Civil Action No: 07 Civ. 10442
                                                :
v.                                              :
                                                :
CITIGROUP INC., CHARLES O.                      :
PRINCE, C. MICHAEL ARMSTRONG,                   :
ALAIN J.P. BELDA, GEORGE DAVID,                 :
KENNETH T. DERR, JOHN M. DEUTCH, :
 ROBERTO HERNANDEZ RAMIREZ,                     :
ANN DIBBLE JORDAN, KLAUS                        :
KLEINFELD, ANDREW N. LIVERIS,                   :
ANNE MULCAHY, RICHARD D.                        :
PARSONS, JUDITH RODIN, ROBERT E. :
RUBIN, ROBERT E. RUBIN, FRANKLIN :
A. THOMAS, JOHN DOES 1-20 (BEING                :
CURRENT AND FORMER MEMBERS                      :
OF THE PLANS ADMINISTRATIVE                     :
COMMITTEE OF CITIGROUP INC.)                    :
and JOHN DOES 21-40 (BEING                      :
CURRENT AND FORMER MEMBERS                      :
OF THE INVESTMENT COMMITTEE                     :
OF THE CITIGROUP INC. 401(K) PLAN), :
                                                :
            Defendants.                         :
-------------------------------------------------x
```

```
-----------------------------------------------x
STEPHAN FIORINO, individually and on   :
behalf of all others similarly situated,
                                       :
                                       :
            Plaintiff,                 :        Civil Action No: 07 Civ. 10458
v.                                     :
                                       :
CITIGROUP INC., CITIBANK N.A.,         :
CHARLES PRINCE, THE PLANS              :
ADMINISTRATIVE COMMITTEE OF            :
CITIGROUP INC., THE 401(k)             :
INVESTMENT COMMITTEE, and              :
JOHN DOES 1 - 20,                      :
                                       :
            Defendants.                :
-----------------------------------------------x
JAMES BOLLA, individually and on behalf :
 of all others similarly situated,     :
                                       :
            Plaintiff,                 :        Civil Action No: 07 Civ. 10461
v.                                     :
                                       :
CITIGROUP INC., CITIBANK N.A.,         :
CHARLES PRINCE, THE PLANS              :
ADMINISTRATIVE COMMITTEE OF            :
CITIGROUP INC., THE 401(k)             :
INVESTMENT COMMITTEE, and              :
JOHN DOES 1 - 20,                      :
                                       :
            Defendants.                :
-----------------------------------------------x
```

991539.1

-----------------------------------------------------x

MARK GEROULO, individually, on behalf :
of the CITIGROUP 401(k) Plan, the       :
CITIBUILDER 401 (K) PLAN FOR            :
PUERTO RICO, and all others similarly,  :
                                        :
        Plaintiff,                 :     Civil Action No: 07 Civ. 10472
                                        :
v.                                      :
                                        :
CITIGROUP, INC., CITIBANK, N.A.,        :
THE PLAN ADMINISTRATIVE                 :
COMMITTEE OF CITIGROUP, INC.,           :
MICHAEL E. SCHLEIN, JOHN DOES           :
1-10, THE CITIGROUP 401(k) PLAN         :
INVESTMENT COMMITTEE and JOHN           :
DOES 10-20, C. MICHAEL                  :
ARMSTRONG, ALAN J.P. BELDA,             :
GEORGE DAVID, KENNETH T. DERR,          :
JOHN M. DEUTCH, ROBERTO                 :
HERNANDEZ, ANN DIBBLE JORDAN,           :
ANDREW N. LIVERIS, DUDLEY C.            :
MECUM, ANNE M. MULCAHY,                 :
RICHARD D. PARSONS, ANDRALL E.          :
PEARSON, CHARLES PRINCE, JUDITH         :
RODIN, ROBERT E. RUBIN, FRANKLIN :
A. THOMAS, SANFORD I. WEILL,            :
                                        :
        Defendants.                :

-----------------------------------------------------x

```
---------------------------------------------------x
ALAN STEVENS, on Behalf of Himself    :
and All Others Similarly Situated,     :
                                       :
              Plaintiff,               :        Civil Action No: 07 Civ. 11156
                                       :
v.                                     :
                                       :
CITIGROUP INC., CITIBANK, N.A,         :
CHARLES PRINCE, C. MICHAEL             :
ARMSTRONG, ALAIN J.P. BELDA,           :
GEORGE DAVID, KENNETH T. DERR,         :
JOHN M. DEUTCH, PETER JOHNSON,         :
ROBERTO HERNANDEZ RAMIREZ,             :
ANDREW N. LIVERIS, ANNE                :
MULCAHEY, RICHARD D. PARSONS,          :
JUDITH RODIN, ROBERT E. RUBIN,         :
ROBERT L. RYAN, FRANKLIN A.            :
THOMAS, THE PLANS                      :
ADMINISTRATION COMMITTEE OF            :
CITIGROUP, INC., THE INVESTMENT        :
COMMITTEE and JOHN DOES 1-30,          :
                                       :
              Defendants.              :
---------------------------------------------------x
STEPHEN GOLDSTEIN, on Behalf of        :
Himself and a Class of Persons Similarly :
Situated,                              :
                                       :
              Plaintiff,               :        Civil Action No: 07 Civ. 11158
                                       :
v.                                     :
                                       :
CITIGROUP INC., THE PLANS              :
ADMINISTRATION COMMITTEE OF            :
CITIGROUP, INC., MICHAEL E.            :
SCHLEIN, CHARLES PRINCE, C.            :
MICHAEL ARMSTRONG, ALAIN J.P.          :
BELDA, GEORGE DAVID, KENNETH T.        :
DERR, JOHN M. DEUTCH, ROBERTO          :
HERNANDEZ RAMIREZ, ANDREW N.           :
LIVERIS, ANNE MULCAHEY,                :
RICHARD D. PARSONS, JUDITH             :
RODIN, ROBERT E. RUBIN, ROBERT L.      :
RYAN, AND FRANKLIN A. THOMAS,          :
And JOHN DOES 1-30,                    :
                                       :
              Defendants.              :
```

991539.1

```
-----------------------------------------------------x
CHRIS SOUTHARD, on Behalf of All        :
Others Similarly Situated,              :
                                        :
            Plaintiff,                  :     Civil Action No: 07 Civ. 11164
                                        :
v.                                      :
                                        :
CITIGROUP INC., CHARLES O.              :
PRINCE, C. MICHAEL ARMSTRONG,           :
ALAIN J.P. BELDA, GEORGE DAVID,         :
KENNETH T. DERR, JOHN M. DEUTCH, :
ROBERTO HERNANDEZ RAMIREZ,              :
ANN DIBBLE JORDAN, KLAUS                :
KLEINFELD, ANDREW N. LIVERIS,           :
ANNE MULCAHY, RICHARD D.                :
PARSONS, JUDITH RODIN, ROBERT E. :
RUBIN, ROBERT E. RUBIN, FRANKLIN :
A. THOMAS, JOHN DOES 1-20 (BEING :
CURRENT AND FORMER MEMBERS              :
OF THE PLANS ADMINISTRATIVE             :
COMMITTEE OF CITIGROUP INC.)            :
and JOHN DOES 21-40 (BEING              :
CURRENT AND FORMER MEMBERS              :
OF THE INVESTMENT COMMITTEE             :
OF THE CITIGROUP INC. 401(K) PLAN), :
                                        :
            Defendants.                 :
-----------------------------------------------------
```

991539.1

------------------------------------------------------

WILLIAM and PATRICIA WOODWARD,                :
Individually and On Behalf of All Others      :
Similarly Situated,                           :
                                              :
                Plaintiffs,                   :      Civil Action No: 07 Civ. 11207
                                              :
v.                                            :
                                              :
CITIGROUP INC., CHARLES PRINCE,               :
ROBERT E. RUBIN, C. MICHAEL                   :
ARMSTRONG, ALAIN J.P. BELDA,                  :
GEORGE DAVID, KENNETH T. DERR,                :
JOHN M. DEUTCH, ROBERTO                       :
HERNANDEZ RAMIREZ, ANDREW N.                  :
LIVERIS, ANN MULCAHEY, RICHARD                :
D. PARSONS, JUDITH RODIN, ROBERT              :
L. RYAN, FRANKLIN A. THOMAS, ANN              :
DIBBLE JORDAN, KLAUS KLEINFELD                :
AND DUDLEY C. MECUM, and JOHN                 :
and JANE DOES 1-10,                           :
                                              :
                Defendants.                   :
------------------------------------------------------


FRANCIA BRICK, individually and on            :
Behalf of all others similarly situated,      :
                                              :
                Plaintiff,                    :      Civil Action No: 07 Civ. 11369
                                              :
v.                                            :
                                              :
CITIGROUP INC., CHARLES PRINCE,               :
THE PLAN'S ADMINISTRATIVE                     :
COMMITTEE OF CITIGROUP, INC.,                 :
THE 401(k) INVESTMENT COMMITTEE,:
And JOHN DOES 1-10,                           :
                                              :
                Defendants.                   :
------------------------------------------------------

**PLAINTIFFS SHAUN ROSE AND MARK GEROULO'S MEMORANDUM
IN OPPOSITION TO THE GRAY AND TADROS PLAINTIFFS' MOTION
FOR APPOINTMENT OF LEAD PLAINTIFFS AND LEADERSHIP
STRUCTURE, AND ENTRY OF [PROPOSED] PRETRIAL ORDER NO. 1
AND TO STEVEN GOLDSTEIN'S MOTION FOR APPOINTMENT OF
INTERIM LEAD PLAINTIFF AND LEAD COUNSEL**

Milo Silberstein (MS 4637)
**DEALY & SILBERSTEIN, LLP**
225 Broadway, Suite 1405
New York, NY 10007

*Counsel for Plaintiffs Rose and Geroulo
and Proposed Interim Liaison Counsel*

Joseph H. Meltzer
Edward W. Ciolko
Katherine B. Bornstein
**SCHIFFRIN BARROWAY
TOPAZ & KESSLER, LLP**
280 King of Prussia Road
Radnor, PA 19087

Robert A. Izard
Mark P. Kindall
Wayne T. Boulton
**SCHATZ NOBEL IZARD, P.C.**
20 Church St., 17th Floor
Hartford, CT 06103

*Counsel for Plaintiffs Rose and Geroulo
and Proposed Interim Co-Lead Counsel*

991539.1

## TABLE OF CONTENTS

I.  INTRODUCTION ................................................................................................ 1

II. ARGUMENT .................................................................................................... 2

    A.  The Parties Agree that the Cases Should be Consolidated ..................................... 2

    B.  SBTK and SNI Should Be Appointed Interim Co-Lead Counsel.......................... 3

        1.  Counsel For the Gray and Goldstein Plaintiffs Cannot Match the Experience of SBTK and SNI.................................................................. 4

        2.  A Comparison of the Rose Plaintiffs' Complaints with the Gray and Goldstein Plaintiffs' Complaints Evinces the Superior Experience of SNI and SBTK.................................................................................................. 6

        3.  SBTK and SNI Have Done More Work Identifying Potential Claims ....... 9

        4.  Counsel For the Rose Plaintiffs Have The Resources Necessary To Represent The Class....................................................................................... 11

    C.  Interim Liaison Counsel......................................................................................... 12

    D.  The Court Should Reject The Gray Plaintiffs' Proposed Leadership Structure ... 12

        1.  "First To File" Is Not Relevant Under Rule 23(g)..................................... 12

        2.  Claiming To Have The Support Of "The Majority Of The Actions Filed" Is Both Misleading And Irrelevant .......................................................... 13

        3.  Individual Loss Amounts Have No Relevance In an ERISA Case .......... 14

    E.  The Court Should Reject Plaintiff Goldstein's Proposed Leadership Structure... 15

III. CONCLUSION.................................................................................................... 16

Table of Authorities

**Page(s)**

**FEDERAL CASES**

*In re ADC Telecoms., Inc.,*
No. 03-CV-2989, 2005 WL 2250782 (D. Minn. Sept. 15, 2005)............................................15

*In re AOL Time Warner ERISA Litig.,*
No. 02-CV-8853-SWK, 2006 WL 2789862 (S.D.N.Y. Sept. 27, 2006) ................................15

*In re Aquila ERISA Litigation,*
237 F.R.D. 202 (W.D. Mo. 2006) .........................................................................................15

*Babcock v. Computer Associates Intern., Inc.,*
212 F.R.D. 126 (E.D.N.Y. 2003) ..........................................................................................15

*Beck v. Pace Int'l Union,*
127 S. Ct. 2310 (June 11, 2007).............................................................................................7

*Brieger v. Tellabs, Inc.*
245 F.R.D. 345 (N.D. Ill. 2007) ...........................................................................................15

*In re CMS Energy ERISA Litig.,*
225 F.R.D. 539 (E.D. Mich. 2004) .......................................................................................15

*Colesberry v. Ruiz Food Products, Inc.,*
No. 04-CV-5516, 2006 WL 1875444 (E.D. Cal. June 30, 2006) ..........................................15

*In re Comverse Technology, Inc. Deriv. Litig.,*
No. 06-CV-1849, 2006 WL 3761986 (E.D.N.Y. Sept. 22, 2006) .........................................15

*DiFelice v. US Airways, Inc.,*
235 F.R.D. 70 (E.D. Va. 2006) .............................................................................................15

*DiRienzo v. Philip Servs. Corp.,*
232 F.3d 49 (2d Cir. 2000).....................................................................................................15

*In re Electronic Data Sys. Corp. ERISA Litig.,*
224 F.R.D. 613 (E.D. Tex. 2004)...........................................................................................15

*In re Enron Corp.,*
MDL No. 1446, 2006 WL 1662596 (S.D. Tex. June 7, 2006) ..............................................15

*In re Enron Corp. Sec., Derivative, & ERISA Litig.,*
228 F.R.D. 541 (S.D. Tex. 2005)...........................................................................................15

*In re Enron Corp. Sec., Derivative & ERISA Litig.*,
    284 F. Supp. 2d 511 (S.D. Tex. 2003)...................................................................6, 7

*In re Ferro Corp. ERISA Litig.*,
    422 F. Supp. 2d 850 (N.D. Ohio 2006).....................................................................7

*Fisher v. J.P. Morgan Chase & Co.*,
    230 F.R.D. 370 (S.D.N.Y. 2005) ...........................................................................14

*Furstenau v. AT&T Corp.*,
    No. 02-CV-5409, 2004 U.S. Dist. LEXIS 27042 (D.N.J. Sept. 2, 2004) ................15

*Godshall v. Franklin Mint Co.*,
    No. 01-CV-6539, 2004 WL 2745890 (E.D. Pa. Dec. 1, 2004).................................15

*In re Ikon Office Solutions, Inc.*
    191 F.R.D. 457 (E.D. Pa. 2000)..............................................................................15

*Kirse v. McCullough*,
    No. 04-CV-1067, 2005 WL 3302008 (W.D. Mo. Dec. 5, 2005) ..............................15

*Koch v. Dwyer*,
    No. 98-CV-5519 (RPP), 2001 WL 289972 (S.D.N.Y. March 23, 2001) ..................15

*Kolar v. Rite Aid Corp.*.
    No. 01-CV-1229, 2003 WL 1257272 (E.D. Pa. March 11, 2003)............................15

*Lively v. Dynegy, Inc.*,
    No. 05-CV-00063-MJR., 2007 WL 685861 (S.D. Ill. March 2, 2007) ....................15

*Miller v. Beazer Homes USA, Inc.*
    No. 07-CV-952-RWS, 2007 WL 3005332 (N.D. Ga. Oct. 11, 2007) ......................16

*Nowak v. Ford Motor Co.*,
    240 F.R.D. 355 (E.D. Mich. 2006) .........................................................................12

*In re Payment Card Interchange Fee and Merchant Discount Antitrust Litig.*, MDL. No.
    05-1720, 2006 WL 2038650 (E.D.N.Y. Feb. 24, 2006) ........................................14

*In re Polaroid Erisa Litig.*,
    240 F.R.D. 65 (S.D.N.Y. 2006) .............................................................................15

*In re Qwest Sav. & Inv. Plan ERISA Litig.*,
    No. 02-CV-464, 2004 U.S. Dist. LEXIS 24693 (D. Colo. Sept. 27, 2004)..............15

*Rankin v. Rots*,
    220 F.R.D. 511 (E.D. Mich. 2004) .........................................................................15

*Rogers v. Baxter, Int'l.*,
  No. 04-CV-6476, 2006 WL 794734 (N.D. Ill. March 22, 2006)............................................15

*Smith v. Aon Corp.*,
  238 F.R.D. 609 (N.D. Ill. 2006)............................................................................15

*In re Sprint Corp. ERISA Litig.*,
  388 F. Supp. 2d 1207 (D. Kan. 2004)..........................................................................7

*In re Syncor ERISA Litig.*,
  227 F.R.D. 338 (C.D. Cal. 2005)............................................................................15

*In re Tyco Intern., Ltd.*,
  MDL No. 02-1335-PB, 2006 WL 2349338 (D.N.H. Aug. 15, 2006)....................................15

*In re Williams Co. ERISA Litig.*,
  231 F.R.D. 416 (N.D. Okla. 2005)..........................................................................15

*In re WorldCom, Inc. ERISA Litig.*,
  263 F. Supp. 2d 745 (S.D.N.Y. 2003)........................................................................6

*In re WorldCom, Inc. ERISA Litig.*,
  No. 02-CV-4816-DLC, 2004 WL 2211664 (S.D.N.Y. Oct. 4, 2004)....................................15

**STATE CASES**

*TCW Tech. Ltd. P'ship v. Intermedia Communs., Inc.*,
  No. 18293, 2000 Del. Ch. LEXIS 147 (Oct. 17, 2000) .........................................12

**DOCKETED CASES**

*In re AIG ERISA Litigation*,
  Master File No. 04-cv-9387 (JES) (S.D.N.Y.) .........................................................4

*Leber v. Citigroup, Inc.*,
  07-CV-9329 (S.D.N.Y.)(Stein, J.) ........................................................................9

*In re Royal Dutch/Shell Transport Litigation*,
  No. 04-CV-1398 (D.N.J.) ..................................................................................5

**FEDERAL: STATUTES AND RULES**

29 U.S.C. § 1103......................................................................................................8

FED. R. CIV. P. 23 .......................................................................................... passim

Private Securities Litigation Reform Act of 1995 .........................................................3, 14, 15

Plaintiffs Shaun Rose and Mark Geroulo ("Rose Plaintiffs" or "Plaintiffs"), by their undersigned counsel, respectfully submit this Memorandum of Law in Opposition to the Motion For Appointment of Lead Plaintiffs and Leadership Structure and Entry of [Proposed] Pretrial Order No. 1 filed by Stephan Gray, James Bolla and Samier Tadros (the "Gray Plaintiffs") and to Steven Goldstein's Motion for Appointment of Interim Lead Plaintiff and Lead Counsel. The Rose Plaintiffs respectfully submit that their proposed leadership structure would best serve the interests of the Class. Accordingly, the Rose Plaintiffs request that the Court appoint Shaun Rose and Mark Geroulo as Interim Lead Plaintiffs, Schiffrin Barroway Topaz & Kessler, LLP ("SBTK") and Schatz Nobel Izard ("SNI") as Interim Co-Lead Counsel and Dealy & Silberstein, LLP ("DS") as Interim Liaison Counsel in the Citigroup ERISA actions.

## I.    INTRODUCTION

Pending before the Court are a number of actions alleging breaches of fiduciary duty under ERISA against Citigroup and other fiduciary defendants with respect to certain investments in 401(k) plans sponsored by Citigroup during overlapping time periods. As a result of the similar legal and factual allegations, motions to consolidate and appoint lead plaintiffs and lead counsel were filed by the Rose Plaintiffs, the Gray Plaintiffs, and Plaintiff Goldstein. On December 19, 2007, the Court entered an Order providing that "[i]f any plaintiff intends to move to consolidate and appoint interim lead plaintiff and lead counsel they shall do so by 12/26/07." In accordance with this Order, the Rose Plaintiffs filed and served a superseding motion on December 26, 2007. The Rose Plaintiffs are unaware of any additional motions filed, and thus file this opposition to the original motions filed by the Gray and Goldstein Plaintiffs prior to the Court's December 19, 2007 Order.

All three motions request that all related ERISA actions be consolidated but each proposes a different leadership structure for the litigation. As noted, the Rose Plaintiffs propose

themselves as lead plaintiffs, with SBTK and SNI as Interim Co-Lead Counsel and DS as Interim Liaison Counsel; the Gray Plaintiffs propose themselves a lead plaintiffs, with Wolf Popper LLP and Harwood Feffer LLP as Interim Co-Lead Counsel; and Goldstein proposes himself as the lead plaintiff, with Stull, Stull & Brody as Interim Lead Counsel. With all due respect to the proposals by the Gray and Goldstein Plaintiffs, when the competing applications are evaluated in light of the factors set forth in FED. R. CIV. P. 23(g), SBTK and SNI are best suited to represent the Plans and the putative Class in these ERISA Actions.

As detailed in their Memorandum in Support of Motion for Related Actions and Appointment of Interim Lead Plaintiffs, Co-Lead Counsel and Liaison Counsel (the "Rose Plaintiffs' Brief"), SBTK and SNI have by far the most experience prosecuting analogous ERISA class actions and have achieved unparalleled results for class members. The leadership structure proposed by the Rose Plaintiffs is unquestionably in the best interests of the Plans' participants as it will ensure that the participants obtain the best possible representation in this important, highly complex case.

## II.    ARGUMENT

### A.    The Parties Agree that the Cases Should be Consolidated

All of the parties who have submitted filings on the subject agree that the ERISA actions should be consolidated, including Defendants. *See* Defendants' Response to Consolidation Motions by Plaintiffs Gray, Tadros and Bolla and by Plaintiff Goldstein, filed December 13, 2007. However, the ERISA actions should *not* be consolidated with any derivative actions or suits brought against Citigroup pursuant to the securities laws. The ERISA claims have fundamental differences from securities and derivative claims. First the ERISA actions implicate different claims and theories of liability. Specifically, the ERISA Plaintiffs allege that Defendants, as fiduciaries of the Citigroup 401(k) Plan (the "Plan"), breached their duties by,

among other things, investing Plan assets in company stock when it was or should have been clear that such investment was imprudent, (ii) failing to monitor and properly inform certain fiduciaries charged with administration of the Plan and the management of its assets; and (iii) failing to adequately disclose to the Plan's participants and beneficiaries the risks of a company stock fund as a retirement investment vehicle. Second, although there is some overlap, the ERISA claims implicate different fiduciary defendants. Third, the ERISA claims implicate different theories of class certification and different measures of damages than securities and derivative actions.

Finally, the ERISA claims are not governed by the pleading or discovery standards imposed upon the securities actions by the Private Securities Litigation Reform Act of 1995 ("PSLRA"). As a result of these differences, while it would be appropriate to consolidate the ERISA actions, consolidation of the ERISA actions with securities or derivative actions would be problematic. Coordination of discovery in the ERISA, securities and derivative cases, on the other hand, would assist in the efficient litigation of all cases.

**B.    SBTK and SNI Should Be Appointed Interim Co-Lead Counsel**

The Rose Plaintiffs respectfully submit that SBTK and SNI should be appointed Interim Co-Lead Counsel as their appointment will promote the orderly progress of this litigation and ensure that Plaintiffs are able to prosecute this litigation in an efficient and coordinated fashion.

As described in the Rose Plaintiffs' Brief, in appointing class counsel, a court must consider the following four factors:

(1)    the work counsel has done in identifying or investigating potential claims in the action,

(2)    counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action,

(3)    counsel's knowledge of the applicable law, and

(4)     the resources counsel will commit to representing the class.

FED. R. CIV. P. 23(g)(1)(C)(i). "If more than one adequate applicant seeks appointment as class counsel, the court must appoint the applicant best able to represent the interests of the class." FED. R. CIV. P. 23(g)(2)(B). For the reasons set forth below, and in the Rose Plaintiffs' Brief at 6-20, SNI and SBTK should be appointed interim lead counsel.

### 1.     Counsel For the Gray and Goldstein Plaintiffs Cannot Match the Experience of SBTK and SNI

The Gray Plaintiffs propose that the Court appoint Wolf Popper LLP ("Wolf Popper") and Harwood Feffer LLP ("Harwood") to represent all Plaintiffs in the ERISA Action. While these are undoubtedly fine firms, they simply lack the ERISA experience of SNI and SBTK.

For example, Wolf and Harwood state that they "are co-lead interim counsel in *In re AIG ERISA Litigation*, Master File No. 04-cv-9387 (JES) (AJP) (S.D.N.Y.)." *See* Gray Brief at 7, Affidavit of Marian P. Rosner at 2. This is an overstatement. At a June 29, 2005 hearing, Judge Sprizzo denied motions to appoint interim co-lead counsel and instead established a "provisional committee" of four plaintiff firms to share responsibility for drafting an amended complaint and responding to a motion to dismiss.[1] The Court decided not to appoint lead counsel until it ruled on class certification:

> At some point I will have to rule upon a motion for class action certification, at that time I will decide basically what lawyers should represent the lead class action plaintiff. Once I determine that, we'll have a lead counsel.

AIG Trans. at 6. The AIG case management order reflects this decision:

> The law firms of Wolf Popper LLP, Squitieri & Fearon, LLP, Wechsler Harwood LLP, and Keller Rohrback L.L.P. shall constitute a provisional committee (the "Provisional Committee"), on behalf of all Plaintiffs' Counsel, and shall share

---

[1] Transcript of the June 29, 2005 hearing in *In re AIG ERISA Litigation*, Master File No. 04-CV-9387 (JES) (AJP) (SDNY) attached to the Declaration of Robert A. Izard ("Izard Decl.") at Exhibit A ("AIG Trans."), 6-8, 11-16.

responsibility among all Plaintiffs' Counsel in the Consolidated Actions, including the drafting and filing of a Consolidated Amended Class Action Complaint, the briefing of any motion to dismiss, and the class certification motion, and any matters pertaining thereto. This committee shall serve until the appointment of co-lead counsel after determination of the class certification motion.

*In re AIG ERISA Litigation*, Master File No. 04-CV-9387 (JES) (AJP) (SDNY Aug. 3, 2005), attached to the Izard Decl. at Exhibit B, at p. 6. Thus, Wolf Popper does not appear to be lead or co-lead counsel in <u>any</u> ERISA case. Wolf Popper's only other ERISA experience appears to be work on a brief in the *AON* ERISA litigation, a case in which Wolf Popper is not lead counsel. *See* Affidavit of Marian P. Rosner, Exhibit C at 8.

Harwood identifies only one ERISA case in which it served as co-lead counsel, *In re Royal Dutch/Shell Transport Litigation,* No. 04-CV-1398 (D.N.J.). *See* Declaration of Robert I. Harwood at 1. This case was settled prior to a ruling on a motion to dismiss. While Harwood states that it "has served or currently serves as lead or co-lead counsel in dozens of ERISA class actions and has recovered substantial sums in these matters," not one of these dozens of other cases is mentioned anywhere in Harwood's moving papers or biographical materials. Even if this is the case, the combined experience of Harwood and Wolf Popper simply cannot match the experience of SBTK and SNI.

Likewise, Stull Stull and Brody simply cannot match the experience of SBTK and SNI. The firm's resume, attached as Exhibit A to the Declaration of Edwin J. Mills, lists 84 settled securities actions but only 9 settled ERISA actions. In addition, the Goldstein motion prominently features an ERISA action that was dismissed by this Court on summary judgment. *See* Goldstein motion at 11. With all due respect, the experience and achievements listed in the Rose Plaintiffs' brief militates in favor of appointment of the Rose Plaintiffs' proposed Interim Co-Lead Counsel over the competing applicants.

2.    **A Comparison of the Rose Plaintiffs' Complaints with the Gray and Goldstein Plaintiffs' Complaints Evinces the Superior Experience of SNI and SBTK**

Many of the allegations in the complaints filed by the Gray and Goldstein Plaintiffs track, virtually verbatim, the allegations of the Rose and Geroulo Complaints. However, there are key differences among the complaints which should be recognized and which reflect the fact that there are critical nuances in every ERISA case which should be considered by experienced ERISA counsel.

a)    **The Cases Allege Different Misrepresentation Claims**

To be actionable under ERISA, misrepresentations must be made in a fiduciary capacity. Representations made in a general corporate capacity, such as SEC filings, are generally not governed by ERISA. However, as both Rose and Geroulo allege, SEC filings are actionable under ERISA if they are incorporated by reference into Plan documents and, therefore, become fiduciary communications. Rose Complaint, ¶ 70; Geroulo Complaint, ¶ ¶ 44, 50.[2]    The complaints filed by the Gray Plaintiffs' proposed lead counsel do not contain these critical ERISA-based allegations, or any other allegations that any alleged misrepresentations were made in anything other than a corporate capacity.

b)    **The Cases Allege Different Plan Investments**

Geroulo and Rose allege that the Plans imprudently invested in the Citigroup Common Stock Fund and that the Fund imprudently invested in Citigroup common stock. Geroulo

---

[2] *See, e.g., In re Enron Corp. Sec., Derivative & ERISA Litig.*, 284 F. Supp. 2d 511, 555-67, 657-62 (S.D. Tex. 2003); *In re WorldCom, Inc. ERISA Litig.*, 263 F. Supp. 2d 745, 766 (S.D.N.Y. 2003).

Complaint, ¶¶ 1, 5, 24-25; Rose Complaint, ¶ 3.[3]  Most 401(k) plans invest in company stock funds that contain both cash and company stock rather than directly in shares of company stock because participants typically invest a percentage of payroll or plan assets in mutual funds or other plan investment options rather than buy identifiable numbers of shares.  The distinction between investing in a company stock fund rather than company stock can be important because ERISA recognizes a separate claim for imprudent investment of company stock fund assets.[4] The Gray and Goldstein Plaintiffs' complaints allege that the Plans invested directly in Citigroup common stock, which is not accurate and misses this important aspect of an ERISA claim. Indeed, they do not even mention investment in the Fund.

c)     **The Cases Allege Different Parties**

As demonstrated by public filings with the Department of Labor and the Securities and Exchange Commission, Citigroup was the Plan Sponsor of the Citigroup Plan and Citibank was the Sponsor of the Citibuilder Plan.  Rose Complaint, ¶ 17.[5]

Geroulo alleges that the Investment Committee had primary responsibility for Plan investments and, therefore was a fiduciary.  Geroulo Complaint, ¶¶ 15-16, 32.  In support, he cites citing a June 2007 Citigroup document.  Rose similarly alleges that the Investment Committee and its members were fiduciaries.  Rose Complaint, ¶¶ 22-23,67.  Geroulo also

---

[3] According to the Citigroup Plan Summary Plan Description ("SPD"), the Citigroup Common Stock Fund invests in both Citigroup common stock and cash for liquidity purposes *See, e.g.,* Geroulo Complaint, ¶¶ 19, 24-25.

[4] *See, e.g., In re Ferro Corp. ERISA Litig.,* 422 F. Supp. 2d 850, 859 (N.D. Ohio 2006); *In re Sprint Corp. ERISA Litig.,* 388 F. Supp. 2d 1207, 1220 (D. Kan. 2004); *In re Enron Corp. Secs., Derivative & ERISA Litig.,* 284 F. Supp. 2d at 668.

[5] Both Geroulo and Rose allege that Citigroup is a fiduciary because of specific conduct unrelated to its status as the Plans' Sponsor.  Geroulo Complaint, ¶ ¶ 33-34; Rose Complaint, ¶ ¶ 17-20. While it is certainly appropriate to identify the Plan sponsor, it is not required because a plan sponsor is not a fiduciary unless it engages in other conduct which creates fiduciary status. *See, e.g., Beck v. Pace Int'l Union,* 127 S. Ct. 2310, 2316 (June 11, 2007).

alleges that the Administrative and Investment Committees are fiduciaries because they directed Citibank in its capacity as directed trustee. *Id*. at ¶ 37. *See* 29 U.S.C. § 1103(a)(1).

The Rose Complaint is similarly detailed and the result of extensive investigation and years of experience in focusing ERISA pleadings. The Rose Complaint carefully delineates the fiduciary status of each Defendant, referencing the appropriate provisions of ERISA as well as the responsibilities of each fiduciary. *See* Rose Complaint, ¶¶16-26, 63-72.

Wolf Popper filed three separate complaints in the following order: *Gray* (Case No. 9790); *Fiorino* (Case No. 10458); and *Bolla* (Case No. 10461). These complaints reflect some confusion in the structure and management of the Plans. In *Gray*, Citigroup is identified as the Citigroup Plan Sponsor, *Gray* Complaint, ¶ 17, but Citibank is not a party. In *Fiorino*, both Citigroup and Citibank are identified as the Citigroup Plan Sponsor. *Fiorino* Complaint, ¶¶ 17, 18. Then, in *Bolla*, although Citibank is identified in the caption of the case, only Citigroup, not Citibank, is alleged to be a party in the body of the Complaint. *Bolla* Complaint, ¶¶ 15-24. Tadros, filed by Harwood, alleges that Citigroup was the Sponsor of both the Citigroup and Citibuilder Plans. *Tadros* Complaint, ¶ 11. Therefore, none of the Gray Plaintiffs properly alleges the status of the Sponsors for each of the Plans. Moreover, none of them allege that the Committees may be liable for directing trustees of the Plans.

Goldstein does not include claims against the Investment Committee. Accordingly, Goldstein does not even mention, much less name as a Defendant, an entity with primary responsibility for Plan investments. Goldstein also fails to allege that the Committees may be liable for directing trustees of the Plans.

### d)      The Cases Allege Different Misconduct

All of the cases allege that Citigroup stock was an imprudent investment because the price of Citigroup common stock shares was artificially inflated as a result of undisclosed

material adverse information concerning Citigroup's involvement in the subprime mortgage market. However, the alleged basis for the artificial inflation varies significantly among the cases. The Geroulo and Rose Complaints provide substantial detail on exactly what actions by Defendants caused Citigroup stock to become artificially inflated. *See* Rose Plaintiffs' Brief, at 16-19. In contrast, the Complaints of the Gray Plaintiffs are far less detailed as to the specific undisclosed material adverse information that allegedly artificially inflated the price of Citigroup stock. Rather, they allege general statements about the decline in the subprime market as a whole and the decline in Citigroup's business as a result thereof. There are few specific allegations as to the specific misrepresentations by Citigroup.[6] Goldstein alleges only one conclusory paragraph concerning the alleged misrepresentations which caused artificial inflation. Goldstein Complaint, ¶ 46. Accordingly, the Goldstein complaint does not reflect the same extent of investigation or analysis as the Rose Plaintiffs.

### 3.    SBTK and SNI Have Done More Work Identifying Potential Claims

Giving due respect to counsel for the Gray Plaintiffs and for Goldstein, the complaints filed by Plaintiffs Rose and Geroulo demonstrate the superior work performed to date in this matter. As noted herein, counsel for Plaintiffs Rose and Geroulo each have extensive prior experience in this particular type of case; this experience is evident in the complaints that the

---

[6] In addition to the subprime lending allegations, Tadros also contains very summary allegations of claims concerning Citigroup's mutual fund business which are completely unrelated to the other claims in this case. Tadros Complaint, ¶ ¶ 58- 70. These claims are alleged with much greater detail, precision and care in *Leber v. Citigroup, Inc.,* 07-CV-9329 (S.D.N.Y.)(Stein, J.). Rather than cover these claims in only 12 paragraphs and no separate counts as Tadros does, the Leber Complaint is 23 pages long, broken out into three separate counts and concerns a class period that is six years longer than Tadros. Leber was filed one month before Tadros and appears to be the basis of the much more summary Tadros allegations. Moreover, the mutual fund allegations in Tadros have absolutely nothing to do with the subprime mortgage allegations that are the basis of this case. Therefore, these claims should be dealt with in Leber, not here.

Rose Plaintiffs filed. As necessary to comport with case law that has developed in this area, largely in cases in which SBTK and SNI have served as lead or co-lead counsel, their complaints carefully articulate the basis for fiduciary responsibility of each Defendant and carefully articulate when and how the Citigroup Common Stock Fund became an imprudent investment for the Plans' participants' retirement savings. In short, their complaints allege who the fiduciaries are, what the scope of their respective duties are, and how they breached these duties by failing to take appropriate actions. The allegations are detailed and specific and are borne of SBTK and SNI's experience litigating cases of this exact type.

SBTK and SNI have done more work and created better work product identifying potential claims. Indeed, as set forth above, there are material differences in the complaints filed by both groups which reflect the greater skill and effort of the Rose plaintiffs. As a further example, rather than mere boilerplate assertions of fiduciary responsibility and plan communications, the Geroulo complaint cites the actual sources: the Plans' Summary Plan Description (¶ 19), the Plans' Form 11-K Annual Report (¶ 21), a June 2007 Citigroup 401(k) Plan Newsletter (¶ 32), the Plans' Form 5500 Annual Return (¶ 145) and an October 24, 2004 memorandum to Plan Participants.

The Rose complaint similarly refers to the relevant publicly available documents, such as Form 5500 filings (¶¶ 14, p. 14 n. 6) and SEC Form 11-K filings (¶¶ 29, 34, 36, 40, 43, etc.). In addition, the Rose complaint cites to relevant case law and journal articles. *See e.g.*, Rose Complaint at 17. Further, the Rose Complaint contains a detailed description of the Plans, including their structures, operations, assets and investments. *See Id.* at ¶¶ 27-55. In addition, counsel for the Rose Plaintiffs sent a letter to the Plan's fiduciaries requesting certain documents in accordance with ERISA § 104. Citigroup has now produced a number of plan documents,

with additional documents to follow; these documents will lend additional insight and clarity to the Plan structure and will be valuable tools in crafting a complete and detailed consolidated complaint.

Such references to the primary plan documents are generally lacking in the complaints filed by the Gray Plaintiffs, demonstrating the greater effort – and better quality – of the Rose plaintiffs. Similarly, rather than simply allege the facts concerning the terms and operation of the Plans that relate to this case, Goldstein appears to have simply "cut and pasted" large blocks of the Plans' Forms 11-K into the Complaint. Many of these large blocks of text concern, for example, rollover and transfer contributions, and have nothing to do with this case.[7] Rather than analyze those facts that are and are not relevant, Goldstein appears to have indiscriminately lifted irrelevant material into his complaint. Moreover, Goldstein ignores many of the underlying sources such as the Summary Plan Description relied upon by the Rose Plaintiffs.

### 4.    Counsel For the Rose Plaintiffs Have The Resources Necessary To Represent The Class

As described in the Rose Plaintiffs' Brief (at pp. 19-20), SBTK and SNI are established leaders in the field of ERISA class action litigation. Both firms have many attorneys and staff dedicated to this area of the law and to the prosecution of cases similar to this class action. In addition, as a result of the firms' experience and successes, they are in a position to more than adequately support the litigation of a complex action against a large defendant.

---

[7] Goldstein's Complaint and his Motion to be appointed lead plaintiff and lead counsel were both filed on December 11, 2007, 15 days after Gray filed his Motion and just before replies to the Gray Motion were due. Perhaps the Goldstein Complaint was not thoroughly investigated or prepared in order to be filed before the response date to the Gray motion.

### C. Interim Liaison Counsel

DS is a boutique law firm that handles labor relations, employment law and legal issues concerning multi-employer benefit funds and ERISA. The firm has been involved in complex litigations in state and federal court concerning labor relations and employee benefit fund issues. DS attorneys are experienced in complex class action litigation. Moreover, DS is conveniently located near the federal courthouses. Finally, DS, in the litigation of this action thus far, has taken care to file motions in all appropriate dockets, and properly serve copies.

### D. The Court Should Reject The Gray Plaintiffs' Proposed Leadership Structure

In their competing motion, the Gray plaintiffs fail to articulate any persuasive basis to appoint that group over the more experienced team of SBTK and SNI. Rather, the arguments set forth in their memorandum – that they were the first to file and that they have the support of a majority of cases filed – are simply irrelevant and lend no assistance to the analysis.

### 1. "First To File" Is Not Relevant Under Rule 23(g)

Gray was the first filed case. Rose, the second case, was filed only eight days later. However, "first to file" is not relevant criteria for determining the most suitable lead counsel under Rule 23(g). *See e.g., Nowak v. Ford Motor Co.*, 240 F.R.D. 355, 365 (E.D. Mich. 2006) ("Whether someone was 'first to file' by itself has little to do with who is the best qualified to lead the case, and does not satisfy the requirements of Rule 23(g). To hold otherwise would further encourage a 'rush to the courthouse' in ERISA class action cases.") (appointing SBTK co-lead counsel); *accord TCW Tech. Ltd. P'ship v. Intermedia Communs., Inc.*, No. 18293, 2000 Del. Ch. LEXIS 147, at *8-9 (Oct. 17, 2000) (persuasive effect of "first to file" has "neither empirical nor logical support"). Therefore, to the extent that the Gray plaintiffs intend to rely on filing the first complaint to distinguish themselves from other applicants – like the Rose

Plaintiffs – the fact that they won the "race to the courthouse" should not be persuasive. Indeed, if in their haste they filed an incomplete or inaccurate complaint, this factor actually militates against their appointment under the Rule 23(g) factors.[8]

### 2. Claiming To Have The Support Of "The Majority Of The Actions Filed" Is Both Misleading And Irrelevant

Another irrelevant argument raised in the Gray plaintiffs supporting memorandum is that their leadership structure has "the support of the vast majority of the plaintiffs' counsel in the ERISA Actions." Again, this is not a factor that is properly considered under Rule 23(g). In addition, this is misleading because of the thirteen cases filed in this matter, at least four were filed by Wolf Popper and/or Harwood.[9] As counsel for the Gray plaintiffs surely know, the selection of lead counsel is not a democratic process. Indeed, Rule 23(g) is designed to avoid the precise arguments raised by counsel for the Gray plaintiffs, rather the rule is intended to safeguard the interests of the putative class by ensuring that the most experienced and capable counsel are appointed. *See* FED. R. CIV. P. 23(g) ("the court *must* appoint the applicant best able to represent the class.") (emphasis added).

---

[8] Notably, a significant error is also present in the Gray Plaintiffs' memorandum in support of their motion for consolidation and appointment, which cites to a local rule from the Eastern District of Michigan, and was not corrected prior to December 26, 2007. *See Id.* at 3.

[9] Wolf Popper and/or Harwood may also be in at least de facto control of cases filed by other counsel in this matter. *See* Izard Decl. at ¶ 4 (describing conversation with counsel of record for plaintiff Tranberg, who indicated that it was actually Wolf Popper's case). In any event, the Gray Plaintiffs' proposed leadership structure has been endorsed by counsel for two plaintiffs who did not file their complaints through Wolf Popper and/or Harwood (Gainey & McKenna for plaintiff Southard, and Milberg Weiss for plaintiff Steven), and the same number intends to endorse the Rose Plaintiffs' proposed leadership structure (Lockridge Grindal Nauen PLLP ("LGN") for plaintiff Brick and Cohen Milstein Hausfeld & Toll, PLLC ("CMHT") for plaintiff Woodward). Both LGN and CMHT are exceptionally experienced firms with background in ERISA litigation who have endorsed the Rose Plaintiff's proposed leadership structure based on substantial experience working with both proposed co-lead counsel.

### 3.    Individual Loss Amounts Have No Relevance In an ERISA Case

On December 13, 2007, the Gray Plaintiffs submitted a letter to the Court which is in effect a supplemental brief in support of the Gray and Tadros Plaintiffs' Motion For (1) Consolidation, (2) Appointment of Lead Plaintiffs and Leadership Structure, and (3) Entry of [Proposed] Pretrial Order No. 1. In that letter, Wolf and Harwood argue that they should be appointed co-lead counsel because their many clients, in the aggregate, allegedly suffered the largest loss. This argument further demonstrates their lack of ERISA-specific experience for two reasons.

First, unlike claims under the PSLRA, the largest loss is not an issue concerning appointment of co-lead counsel under F.R.C.P. 23 (g), which applies here. *See, e.g., In re Payment Card Interchange Fee and Merchant Discount Antitrust Litig.*, MDL. No. 05-1720, 2006 WL 2038650 *2 (E.D.N.Y. Feb. 24, 2006) (that a plaintiff "may have a far greater individual damages claim than any other single plaintiff says nothing about who can best serve the interests of all plaintiffs."). Rather, the factors set forth in Rule 23(g) control.

Second, in arguing that individual participant damages are relevant, the Gray Plaintiffs miss the fact that under ERISA, only losses suffered by the Plan are recoverable. The distinction is critical: this Court denied class certification in *Fisher v. J.P. Morgan Chase & Co.*, 230 F.R.D. 370 (S.D.N.Y. 2005), precisely because "plaintiffs did not dispute that they seek damages to individuals," and "[p]laintiffs are not suing to recoup plan assets." *Id.* at 375-76. In contrast, where plaintiffs have brought claims for plan wide relief, as Rose and Geroulo have done here, courts have routinely certified the class.[10] *Accord In re Comverse Technology, Inc. Deriv. Litig.*,

---

[10] *See, e.g., Brieger v. Tellabs, Inc.* 245 F.R.D. 345 (N.D. Ill. 2007); *Lively v. Dynegy, Inc.*, No. 05-CV-00063-MJR., 2007 WL 685861 (S.D. Ill. March 2, 2007); *In re AOL Time Warner ERISA Litig.*, No. 02-CV-8853-SWK, 2006 WL 2789862 (S.D.N.Y. Sept. 27, 2006); *In re Tyco Intern., Ltd.*, MDL No. 02-1335-PB, 2006 WL 2349338 (D.N.H. Aug. 15, 2006);

No. 06-CV-1849 (NGG)(RER), 2006 WL 3761986, *3, n. 16 (E.D.N.Y. Sept. 22, 2006) ("I reject LMPERS argument that the PSLRA's largest financial interest should be applied here . . . . In light of the critical difference between PSLRA and derivative cases – the former is brought on behalf of the shareholders themselves, and the latter is brought on behalf of the corporation – the PSLRA is simply not an adequate template from which to determine who should be appointed lead counsel in a shareholder derivative case.") (citing *DiRienzo v. Philip Servs. Corp.*, 232 F.3d 49, 61-62 (2d Cir. 2000)).

**E.    The Court Should Reject Plaintiff Goldstein's Proposed Leadership Structure.**

While the Rose Plaintiffs concede that counsel for Goldstein has some relevant experience (and that they have successfully worked with Stull, Stull & Brody in the past), in this case, the Goldstein complaint falls far short of the Rose Plaintiffs Complaints. As set forth above, Goldstein does not include the Investment Committee, a key Defendant. Nor does it

---

*Colesberry v. Ruiz Food Products, Inc.*, No. 04-CV-5516, 2006 WL 1875444 (E.D. Cal. June 30, 2006); *In re Enron Corp.*, MDL No. 1446, 2006 WL 1662596 (S.D. Tex. June 7, 2006); *Rogers v. Baxter, Int'l.*, No. 04-CV-6476, 2006 WL 794734 (N.D. Ill. March 22, 2006); *Smith v. Aon Corp.*, 238 F.R.D. 609 (N.D. Ill. 2006); *DiFelice v. US Airways, Inc.*, 235 F.R.D. 70 (E.D. Va. 2006); *In re Polaroid Erisa Litig.*, 240 F.R.D. 65 (S.D.N.Y. 2006); *In re Aquila ERISA Litigation*, 237 F.R.D. 202 (W.D. Mo. 2006); *Kirse v. McCullough*, No. 04-CV-1067, 2005 WL 3302008 (W.D. Mo. Dec. 5, 2005); *In re: ADC Telecoms., Inc.*, No. 03-CV-2989, 2005 WL 2250782 (D. Minn. Sept. 15, 2005); *In re Williams Co. ERISA Litig.*, 231 F.R.D. 416 (N.D. Okla. 2005); *In re Syncor ERISA Litig.*, 227 F.R.D. 338 (C.D. Cal. 2005); *In re Enron Corp. Sec., Derivative, & ERISA Litig.*, 228 F.R.D. 541 (S.D. Tex. 2005); *Godshall v. Franklin Mint Co.*, No. 01-CV-6539, 2004 WL 2745890 (E.D. Pa. Dec. 1, 2004); *In re WorldCom, Inc. ERISA Litig.*, No. 02-CV-4816-DLC, 2004 WL 2211664 (S.D.N.Y. Oct. 4, 2004); *In re Qwest Sav. & Inv. Plan ERISA Litig.*, No. 02-CV-464, 2004 U.S. Dist. LEXIS 24693 (D. Colo. Sept. 27, 2004); *Furstenau v. AT&T Corp.*, No. 02-CV-5409, 2004 U.S. Dist. LEXIS 27042 (D.N.J. Sept. 2, 2004); *In re CMS Energy ERISA Litig.*, 225 F.R.D. 539 (E.D. Mich. 2004); *Rankin v. Rots*, 220 F.R.D. 511 (E.D. Mich. 2004); *In re Electronic Data Sys. Corp. ERISA Litig.*, 224 F.R.D. 613 (E.D. Tex. 2004); *Koch v. Dwyer*, No. 98-CV-5519 (RPP), 2001 WL 289972 (S.D.N.Y. March 23, 2001); *Kolar v. Rite Aid Corp.*. No. 01-CV-1229, 2003 WL 1257272 (E.D. Pa. March 11, 2003); *Babcock v. Computer Associates Intern., Inc.*, 212 F.R.D. 126 (E.D.N.Y. 2003); *In re Ikon Office Solutions, Inc.* 191 F.R.D. 457 (E.D. Pa. 2000).

allege even the existence of the Citigroup Common Stock Fund, the investment the Plan actually purchased.

Moreover, an analysis of the factors under Rule 23(g), described above in detail, heavily favors the appointment of SBTK and SNI and Interim Co-Lead Counsel, as they comprise the counsel structure "best able to represent the interests of the class." *See also Miller v. Beazer Homes USA, Inc.* (*In re Beazer Homes USA, Inc. ERISA Litig.*), No. 07-CV-952-RWS, 2007 WL 3005332 (N.D. Ga. Oct. 11, 2007) (recent appointment of SBTK as co-lead counsel over competing applicants, including Stull Stull & Brody, in a similar ERISA class action).

### III.    CONCLUSION

For the foregoing reasons, Plaintiffs Rose and Geroulo respectfully request that the Court enter their proposed Pretrial Order No. 1, appointing Rose and Geroulo as Interim Lead Plaintiffs, appointing SBTK and SNI as Interim Co-Lead Counsel pursuant to FED. R. CIV. P. 23(g) and DS as Interim Liaison Counsel, and deny the Motion For Appointment of Lead Plaintiffs and Leadership Structure and Entry of [Proposed] Pretrial Order No. 1 filed by the Gray Plaintiffs and Steven Goldstein's Motion for Appointment of Interim Lead Plaintiff and Lead Counsel.

DATED: January 4, 2008                     Respectfully submitted,

**DEALY & SILBERSTEIN, LLP**
Milo Silberstein (MS 4637)
225 Broadway, Suite 1405
New York, NY 10007
Telephone: (212) 385-0066
Facsimile: (212) 385-2117

*Counsel for Plaintiffs Rose and Geroulo and
Proposed Interim Liaison Counsel*

**SCHIFFRIN BARROWAY**

**TOPAZ & KESSLER, LLP**
Joseph H. Meltzer
Edward W. Ciolko
Katherine B. Bornstein
280 King of Prussia Road
Radnor, PA  19087
Telephone: (610) 667-7706
Facsimile:  (610) 667-7056

**SCHATZ NOBEL IZARD, P.C.**
Robert A. Izard
William Bernarduci
Wayne T. Boulton
20 Church Street, Suite 1700
Hartford, CT 06103
Telephone: (860) 493-6292
Facsimile:  (860) 493-6290

*Counsel for Plaintiffs Rose and Geroulo and
Proposed Interim Co-Lead Counsel*